

**U.S. Department of Justice**
*United States Attorney*
*District of New Jersey*

---

*Jamel Semper*
*Assistant United States Attorney*

*970 Broad Street, Suite 700*
*Newark, New Jersey 07102*

*Phone: 973-645-3976*

February 27, 2020

Christopher D. Adams, Esq.
Greenbaum, Rowe, Smith & Davis LLP
99 Wood Avenue South
Iselin, New Jersey 08830

      Re: <u>Plea Agreement with Sean Hills</u> Cr.19-530

Dear Mr. Adams:

      This letter sets forth the plea agreement between your client, Sean Hills ("HILLS"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on March 3, 2020 if it is not accepted in writing by that date.

<u>Charges</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from HILLS, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, to the Indictment that charges HILLS with: (1) Count One, Racketeering Conspiracy, in violation of 18 U.S.C. § 1962(d); and (2) Count Two, Distribution and Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C).

      If HILLS enters a guilty plea and is sentenced to a term of imprisonment between 96 and 108 months and three years of supervised release, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against HILLS for, from in or about 2012 to in or about 2018, in Essex County, in the District of New Jersey, racketeering conspiracy and distribution and possession with intent to distribute cocaine. In the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, HILLS agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by HILLS may be commenced

against him, notwithstanding the expiration of the limitations period after HILLS signs the agreement.

Should the Court at any time reject the plea under Federal Rule of Criminal Procedure 11(c)(1)(C) or act contrary to its terms, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea. In the event that the court defers a decision to accept the plea until the court has reviewed the presentence report neither party will move to withdraw from this agreement unless or until the court ultimately determines to reject the proposed plea.

### Sentencing

The violation of 18 U.S.C. § 1962(d) to which HILLS agrees to plead guilty in Count One of the Indictment carries a statutory maximum prison sentence of 20 years imprisonment and a statutory maximum fine equal to the greatest of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which HILLS agrees to plead guilty in Count Two of the Indictment carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $1,000,000, or (2) twice the gross profits or other proceeds to HILLS, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

Further, in addition to imposing any other penalty on HILLS, the sentencing judge: (1) will order HILLS to pay an assessment of $100 per count pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order HILLS to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*; (3) with respect to Count Two, must order forfeiture pursuant to 21 U.S.C. § 853 of: (a) any property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as the result of such violation, and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation; and (5) with respect to Count Two, may deny HILLS certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a.

With respect to Counts One and Two, pursuant to 18 U.S.C. § 3583 and 21 U.S.C. § 841, the sentencing judge must require HILLS to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should HILLS be placed on a term of

supervised release and subsequently violate any of the conditions of supervised release before the expiration of its terms, HILLS may be sentenced to not more than three years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, this Office and HILLS agree that a sentence between 96 and 108 months' imprisonment and three years of supervised release is the appropriate disposition of this case. Accordingly, if the Court accepts this plea agreement, HILLS will be sentenced to a term of imprisonment between 96 and 108 months and three years of supervised release.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on HILLS by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of HILLS's activities and relevant conduct with respect to this case.

### Stipulations

This Office and HILLS agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. These stipulations are offered as recommendations to the Court pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or HILLS from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the

right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Office and HILLS agree that, provided the District Court imposes a sentence in accordance with this Rule 11(c)(1)(C) plea agreement, neither party will appeal that sentence. HILLS further agrees that, in exchange for the concessions the United States made in entering into this Rule 11(c)(1)(C) plea agreement, he will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify any component of the judgement of conviction or sentence.

## Forfeiture

HILLS agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he shall forfeit to the United States any and all property constituting or derived from any proceeds (the "Specific Property") obtained directly or indirectly as a result of the commission of the offenses set forth in Counts One and Two of the Indictment.

HILLS agrees to waive all interest in the Specific Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. HILLS agrees to consent to the entry of orders of forfeiture for the Specific Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. HILLS understands that the forfeiture of the Specific Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, HILLS waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

HILLS further consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 981 and/or 982. HILLS agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent HILLS has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are hereby deemed withdrawn. HILLS further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

HILLS represents that he will disclose all of his assets to the United States on a Financial Disclosure Statement. HILLS agrees that if the government determines that he has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement. In addition, HILLS consents to the administrative, civil, and/or criminal forfeiture of his interests in any assets that he failed to disclose on the Financial Disclosure Statement. Should undisclosed assets that the defendant owns or in which the defendant has an interest be discovered, HILLS knowingly and voluntarily waives his right to any required notice concerning the forfeiture of said assets. HILLS further agrees to execute any documents necessary to effectuate the forfeiture of said assets.

## Immigration Consequences

HILLS understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. HILLS understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. HILLS wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. HILLS understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, HILLS waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

## Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against HILLS. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against HILLS.

No provision of this agreement shall preclude HILLS from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that HILLS received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between HILLS and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

CRAIG CARPENITO
United States Attorney

By: JAMEL SEMPER
Assistant U.S. Attorney

APPROVED:

MARY E. TOSCANO
Deputy Chief, Criminal Division

I have received this letter from my attorney, Christopher D. Adams. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                Date: 3/2/20
SEAN HILLS


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture and immigration consequences, as well as the impact of Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure has upon this agreement. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                Date: 3/2/20
Christopher D. Adams, Esq.
Greenbaum, Rowe, Smith & Davis LLP

Plea Agreement with Sean Hills

Schedule A

1. This Office and Sean Hills ("HILLS") agree to stipulate to the following facts:

    a. On or about December 15, 2012, near South 14th Street in Newark, New Jersey, HILLS and at least one other individual shot Victim-1 numerous times.

    b. ~~On or about February 1, 2013, in Newark, New Jersey, HILLS shot Victim-2 numerous times.~~

    c. On or about November 19, 2018, HILLS sold more than 40 grams of cocaine in exchange for approximately $1,900 in United States currency.

    d. On or about December 27, 2018, HILLS, engaged in a suspected hand to hand drug transaction in the area of Krechtmer Elderly Holmes in Newark, New Jersey. Following the suspected transaction, HILLS was arrested while in possession of a quantity of heroin, approximately $183 in United States currency, and three cell phones.

2. In accordance with the above, and pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties stipulate and agree that the sentence of between 96 and 108 months' imprisonment and three years of supervised release for the charges contained in the Superseding Information is reasonable under 18 U.S.C. § 3553(a), and neither party will argue for a sentence below or above 96 and 108 months' imprisonment and three years of supervised release. Furthermore, should the Court reject this agreement, either party may elect to be relieved of the terms of this plea and the parties will be returned to the status prior to the entry of the plea.

3. HILLS knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing Court if the sentence imposed is between 96 and 108 months' imprisonment and three years of supervised release. This Office will not file any appeal, motion or writ which challenges the sentence

- 8 -

imposed by the sentencing Court if the sentence imposed is between 96 and 108 months' imprisonment and three years of supervised release.
Furthermore, if the sentencing court imposes a sentence consistent with the agreed upon sentence set forth in this paragraph, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing Court erred in doing so.

The Government reserves it right to argue that the Racketeering Act on February 1, 2013, namely the attempted murder of Victim-2 in violation of NJSA Sections 2C:11-3 and 2C:5-2 is relevant Conduct that may be Considered by the Court at the time of Sentencing pursuant to U.S.S.G. § 1B1.2(c)

X [signature]

X [signature]